KAREN P. HEWITT
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-5220
Fax: (619) 235-2757
E-mail: caroline.han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRIE DEMPSEY,<br><br>Defendant. | Criminal Case No. 08CR1723-JLS<br><br>**RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**<br><br>**(1) TO COMPEL SPECIFIC DISCOVERY**<br><br>**(2) FOR LEAVE TO FILE FURTHER MOTIONS**<br><br>Date: June 20, 2008<br>Time: 1:30 p.m.<br>Court: The Hon. Janis L. Sammartino |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby files its Response and Opposition to Defendant's Motions to Compel Specific Discovery and For Leave to File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

/ /

/ /

/ /

## I

## STATEMENT OF FACTS

On May 3, 2008 at approximately 3:40 pm, the defendant attempted to enter the United States at the San Ysidro Port of Entry as the driver and sole visible occupant of a grey 1989 Toyota Camry bearing California license plate 5CHS774. During pre-primary inspection, a human detector dog alerted to the rear seam of the driver's side back door. Customs and Border Protection Inspector Nguyen observed that the defendant was sweating profusely, made quick movements, spoke fast, and slurred his speech when the defendant made contact with Inspector Nguyen during primary inspection. Inspector Nguyen also observed that the defendant's hand shook when the defendant gave his driver's license to him. The defendant also gave Inspector Nguyen a negative customs declaration, and stated that he was employed in the labeling business. The defendant also stated that he had gone to Mexico to see a dentist.

Inspector Nguyen noticed that the backrest of the rear passenger seats bulged, and that there was a space discrepancy in between the rear seats and the rear cargo area of the defendant's vehicle. Inspector Nguyen then pulled away the carpet covering that area, and observed a thin silver board that was glued to the back of the rear seats. Once the inspector peeled a corner of the board off, he observed a human head and hair. The inspector then removed the foam in the backrest of the backseat, and observed that a false wall had been created to complete a compartment. The material witness, Maria Antonio-Gaspar, was pulled from the non-factory compartment thereafter.

The defendant was then handcuffed, and escorted to the security office where a patdown search of the defendant was conducted. The search revealed that the defendant had his British passport, money, and other paperwork under the spandex he was wearing.

The defendant was advised of his Miranda rights and agreed to waive those rights at approximately 5:23 pm. The defendant stated that he had previously been a Lawful Permanent Resident, but was unable to renew his card when it was expired. He further stated that he had been arrested and was a registered sex offender. He also stated that he had gone back to England to seek

work, and had planned on traveling to Moorpark to see his wife if he was successful in crossing into the United States. He further stated that he had arranged to drive the smuggled alien into the United States for a reduced smuggling fee. He also added that he himself was too large to fit in the the vehicle's non-factory compartment, and had observed that another woman was also too large. He added that he had not seen the material witness enter the compartment, but he was aware that there was probably a person in the compartment.

Maria Antonio-Gaspar was also interviewed, and she stated that she was a Mexican citizen with no legal right to enter or remain in the United States. She further stated that she was to pay $3,000 to be smuggled into the United States.

**II**

## MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE

To date, the Government has provided the defendant with 66 pages of discovery including the complaint and statement of facts, report of investigation, photographs of the vehicle, and a DVD which contains the defendant's and material witness' statements.

With respect to the defendant's discovery motions, the Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the Defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001). The Government will make every effort to preserve evidence it deems to be relevant and material to this case. Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the Defendant. See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**(1) <u>Defendant's Statements</u>** – The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to the defendant the substance of the defendant's oral statements and defendant's written statements. (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.) The Government has produced all of the defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

**(2) <u>Defendant's Prior Record</u>** – The Government has provided the defendant with a copy of his known prior criminal record and, consequently, has fulfilled its duty of discovery under Rule 16(a)(1)(D). <u>See</u> <u>United States v. Audelo-Sanchez</u>, 923 F.2d 129 (9th Cir. 1990). To the extent that the Government determines that there are any additional documents reflecting the defendant's prior criminal record, the Government will provide those to the defendant.

**(3) <u>Tangible Objects</u>** – The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of the defendant's defenses, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to the defendant. The Government need not, however, produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984). The defendant has further requested color copies of all photographs related to the case. Should the defense wish to see color copies, the Government will gladly set up a time for the defense to review the Government's color photographs. In addition, the Government will provide the defendant with color copies it intends to use at trial before trial.

**(4) <u>Expert Witnesses</u>** – The Government will comply with Rule 16(a)(1)(G) and provide the defendant with a written summary of any expert testimony that the United States

intends to use during its case-in-chief at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**(5) Brady Material** – The Government has and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to the defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the United States "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply the defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(6) Arrest Reports, Notes, and Dispatch Tapes** – The Government has provided the defendant with all known reports related to the defendant's arrest in this case. The Government is not aware of the existence of any dispatch tapes relevant to this case. The Government will continue to comply with its obligation to provide to the defendant all reports subject to Rule 16.

The Government has no objection to the preservation of the agents' handwritten notes. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing the defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to the defendant that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made available to the defendant.

**(7) Evidence Seized** – The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing the defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of the defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to the defendant.

**(8) Government Communication to the Defendant –** The Government is unaware of any communications between government agents, informers or anyone else acting at the direction of the Government and the defendant.

**(9) Witness Statements –** The Government is aware of its obligation to provide witness statements to the defendant where relevant, and will do so at the appropriate time.

**(10) Statements of Individuals Who Will Not be a Witness**– The Government objects

to the defendant's requests for all statements made by individuals who may have information relevant to the case who the government does not intend to call as a witness. The Government is not responsible for all possible information and evidence regarding any speculative defense claimed by the defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

**(11) Informants and Cooperating Witnesses** – At this time, the Government is unaware of a confidential source or informant involved in this case. The Government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). Should the Government become aware of an information or confidential source being involved in this case, we will make it known to the defendant.

**(12) Bias by Informants or Cooperating Witnesses** – As discussed above, the Government is unaware of any informants or cooperating witnesses in this case.

**(13) Electronic Surveillance** – The Government is unaware of any electronic surveillance logs or transcripts concerning the defendant or any witness. All audiotape recordings of in person conversations that have been made in connection with this case and are in Government counsel's possession have been turned over to the defendant.

**(14) Information That May Result in a Lower Sentence Under the Guidelines** – The Government has provided and will continue to provide the defendant with all Brady material that may result in mitigation of the defendant's sentence. Nevertheless, the Government is not required to provide information bearing on the defendant' sentences until after the defendant' convictions or guilty pleas and prior to their sentencing dates. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the

evidence is disclosed to the the defendant at a time when the disclosure remains in value").

**(15) 404(b) Evidence** – The Government will disclose in advance of trial the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." See United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

**(16) Evidence of Bias or Motive to Lie** – The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(17) Impeachment Evidence** – As previously discussed, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses.

**(18) Evidence of Criminal Investigation of Any Government Witness** – As noted above, the Government objects to providing any evidence that a prospective witness is under criminal investigation, but will provide the conviction record, if any, which could be used to impeach all witnesses the Government intends to call in its case-in-chief.

**(19) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling** – The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

**(20) Witness Addresses** – The Government has already provided the defendant with the reports containing the names, work addresses, and telephone numbers of the special agents involved in this case. In its trial memorandum, the Government will provide the defendant

with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). The Government strenuously objects to providing the home addresses to the defendant. In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to trial. United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992); (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996); see also United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990) (holding that United States did not improperly deny the defendants access to government witnesses whose telephone numbers and addresses the government refused to provide because the defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the exercise of due diligence).

**(21) Name of Witnesses Favorable to the Defendant** – The Government is not aware of the names of any witnesses favorable to the defendant's case. If the Government discovers any witnesses favorable to the defendant, the names of such witnesses will be promptly provided.

**(22) Jencks Act Material** – Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. §3500(b). For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. §3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).

**(23) Giglio Information and Agreements Between the Government and Witnesses**

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio. See United States v. Kojayan, 8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002). As stated above, the Government will provide any Giglio information in connection with this case no later than two weeks prior to trial.

**(24) Agreements Between the Government and Witnesses** – As noted above, Government will provide any information, should there be any, no later than two weeks prior to trial.

**(25) Personnel Records of Government Officers Involved in the Arrest** – The Government objects to the defendant's requests that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call inspectors, officers, and special agents to testify. As previously noted, the Government will comply with Henthorn and disclose to the defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

**(26) Henthorn Material** – The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(27) Training of Relevant Law Enforcement Officers** – The Government strenuously objects to providing to the defendant a copy of all policies, training instructions, and manuals issued by all law enforcement agencies involved in this case. The requested policies, training instructions, and manuals are irrelevant and do not fall within the scope of Rule 16, or any other statutory or Constitutional disclosure provision. Even if one or more of the inspectors, officers, or special agents violated his or her own administrative regulations, guidelines, or procedures, such violations would not result in the exclusion of evidence if the defendant's Constitutional and statutory rights were not violated in this case. United States v. Caceres, 440 U.S. 741, 744 (1979); United States v. Hinton, 222 F.3d 664 (9th Cir. 2000).

**(28) Performance Goals and Policy Awards** – The Government strenuously objects to providing the defendant with information regarding the agency standards used for measuring, compensating, or reprimanding the conduct of all law enforcement officers involved in this case. The requested information regarding the agency standards used for measuring, compensating, or reprimanding the conduct of the law enforcement officers is irrelevant and does not fall within the scope of Rule 16, exculpatory evidence under Brady, impeachment evidence under Giglio, or any other authority governing disclosure.

**(29) TECS Reports** The Government objects to providing the defendant with complete vehicle crossing reports from the Treasury Enforcement Communications System ("TECS"). To begin with, the instant case is not a port case where a vehicle crossing report may be more relevant. In addition, TECS reports are not subject to Rule 16© because the reports are neither material to the preparation of the defense, nor intended for use by the United States as evidence during its case-in-chief. The TECS reports are not Brady material because, as discussed further, the TECS reports do not present any material exculpatory information or any evidence favorable to the defendant that is material to guilt or punishment.

**(30) Report of Scientific Tests or Examinations** – The Government will provide the defendant with the results of any scientific tests or examinations in this case in accordance with Rule 16(F) should there be any, but none are anticipated at this time.

**(31) Residual Request** – The Government has already complied with the defendant's

residual request for prompt compliance with the defendant's discovery requests.

**III**

**MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

**IV**

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

**(1) All Evidence That The Defendant Intend To Introduce In Their Cases-In-Chief**

Since the Government will honor the defendant's requests for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that the defendant, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intend to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of the defendant, which they intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom the defendant intend to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**(2) Reciprocal Jencks – Statements By Defense Witnesses (Other Than The Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by the defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that the defendant be ordered to provide all prior statements of

defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**V**

**CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny the defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: June 13, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Caroline P. Han*
CAROLINE P. HAN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BARRIE DEMPSEY, Defendant. | Criminal Case No. 08CR1723-JLS<br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTIONS FOR DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Gregory Murphy
*Attorneys for the defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 13, 2008.

/s/ *Caroline P. Han*

CAROLINE P. HAN