KAREN P. HEWITT
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5220/(619) 235-2757 (Fax)
Email:Caroline.Han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 08CR1723-JLS |
| Plaintiff, | |
| | IN LIMINE DATE: September 12, 2008<br>TIME: 2:00 p.m.<br>TRIAL DATE: September 29, 2008<br>TIME: 9:00 a.m. |
| v. | |
| BARRIE DEMPSEY, | UNITED STATES' MOTIONS IN LIMINE TO:<br>(A) ADMIT CO-CONSPIRATOR STATEMENTS<br>(B) PRECLUDE EXPERT TESTIMONY BY THE DEFENSE;<br>(C) EXCLUDE ALL WITNESSES EXCEPT CASE AGENT;<br>(D) PROHIBIT REFERENCE TO DEFENDANT'S HEALTH, AGE, ETC.;<br>(E) PRECLUDE SELF-SERVING HEARSAY;<br>(F) LIMIT CHARACTER EVIDENCE;<br>(G) PRECLUDE EVIDENCE OF DURESS AND NECESSITY;<br>(H) ADMIT DEMEANOR EVIDENCE;<br>(I) RENEW ITS MOTION FOR RECIPROCAL DISCOVERY;<br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES. |
| Defendant. | |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and CAROLINE P. HAN, Assistant United States

Attorney, and hereby files its Motions in Limine. These Motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

A federal grand jury on May 28, 2008 handed up a two count Indictment charging the defendant with: (1) one count of bringing in illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii); and (2) one count of bringing in illegal aliens without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). On May 29, 2008, Defendant entered a not guilty plea before the Magistrate Judge.

The defendant has filed motions to: (1) compel discovery; (2) preserve evidence; and (3) for leave to file further motions. The United States has responded to each of the above-described motions and filed its motion for reciprocal discovery. The Court deferred ruling on the motions and set a hearing on motions in limine for September 12, 2008.

**II**

**STATEMENT OF FACTS**

**A. Primary Inspection**

On May 3, 2008 at approximately 3:40 pm, the defendant attempted to enter the United States at the San Ysidro Port of Entry as the driver and sole visible occupant of a grey 1989 Toyota Camry bearing California license plate 5CHS774. During pre-primary inspection, a human detector dog alerted to the rear seam of the driver's side back door. Customs and Border Protection Inspector Nguyen observed that the defendant was sweating profusely, made quick movements, spoke fast, and slurred his speech when the defendant made contact with Inspector Nguyen during primary inspection. Inspector Nguyen also observed that the defendant's hand shook when the defendant gave his driver's license to him. The defendant also gave Inspector Nguyen a negative customs declaration, and stated that he was employed in the labeling business. The defendant also stated that he had gone to Mexico to see a dentist.

Inspector Nguyen noticed that the backrest of the rear passenger seats bulged, and that there was a space discrepancy in between the rear seats and the rear cargo area of the defendant's vehicle. While

Inspector Nguyen was reviewing the trunk and rear cargo area of the vehicle, Inspector Nguyen observed that the defendant looked back at him through the rear view mirror. Inspector Nguyen then pulled away the carpet covering that area, and observed a thin silver board that was glued to the back of the rear seats. Once the inspector peeled a corner of the board off, he observed a human head and hair. The inspector then removed the foam in the backrest of the backseat, and observed that a false wall had been created to complete a compartment. The material witness, Maria Antonio-Gaspar, was pulled from the non-factory compartment thereafter.

The defendant was then handcuffed, and escorted to the security office where a patdown search of the defendant was conducted. The search revealed that the defendant had his British passport, money, and other paperwork under the spandex he was wearing.

**B. Defendant's Post Arrest Statements**

The defendant was advised of his Miranda rights and agreed to waive those rights at approximately 5:23 pm. The defendant stated that he had previously been a Lawful Permanent Resident, but was unable to renew his card when it expired. He further stated that he had been arrested and was a registered sex offender. He also stated that he had gone back to England to seek work, and had planned on traveling to Moorpark to see his wife if he was successful in crossing into the United States. He further stated that he had arranged to drive the smuggled alien into the United States for a reduced smuggling fee. He also added that he himself was too large to fit in the the vehicle's non-factory compartment, and had observed that another woman was also too large. He added that he had not seen the material witness enter the compartment, but he was aware that there was probably a person in the compartment.

**C. Defendant's Criminal Record**

On January 27, 1994, the defendant was convicted of Indecent Exposure in violation of California Penal Code § 314.1 in the Los Angeles Municipal Court, and was sentenced to 24 months probation. On December 28, 2001, the defendant was convicted of Indecent Exposure, in violation of California Penal Code § 314.1 in the Los Angeles Superior Court, and was sentenced to 90 days jail and 5 years probation. On May 21, 2007, the defendant was convicted of Burglary in violation of California

Penal Code § 459, and sentenced to 365 days jail and five years probation. The defendant is currently still on probation for this offense.

**D. Statements of Material witness**

Maria Antonio-Gaspar was also interviewed, and she stated that she was a Mexican citizen with no legal right to enter or remain in the United States. She further stated that she was to pay $3,000 to be smuggled into the United States.

## III

## ARGUMENT

**A. Co-Conspirator Statements Concerning Smuggling And Transportation Arrangements Are Admissible Under Rule 801(d)(2)(e)**

The Government submits that the material witness should be permitted to testify regarding her arrangements to be smuggled into the United States and then transported to her ultimate destination. To the extent theses arrangements and details include statements from Defendant's accomplices or the Defendant himself in the smuggling venture, the Court should admit those statements under the co-conspirator exclusion to the rule precluding hearsay.

An out of court statement offered for the truth of the matter asserted is normally considered hearsay under Rule 801©. However, under Rule 801(d)(2)(E), statements made by a coconspirator of a party during the course and in furtherance of a conspiracy are non-hearsay. Such statements are not hearsay and were deemed non-testimonial by the Supreme Court in Crawford v. Washington, 541 U.S. 36, 55 (2004). The Crawford decision specifically identifies co-conspirator statements as non-testimonial, citing its prior decision in United States v. Bourjaily, 483 U.S. 171 (1987), in which the Supreme Court held that even though the defendant had no opportunity to cross examine the declarant at the time that he made the statements and the declarant was unavailable to testify at trial, the admission of the declarant's statements against the defendant did not violate the Confrontation Clause. Crawford, 541 U.S. at 56. The Supreme Court approved its prior holding regarding co-conspirator statements, citing Bourjaily as an example of an earlier case that was consistent with the principal that the Confrontation Clause permits the admission of non-

testimonial statements in the absence of a prior opportunity for cross examination. Crawford, 541 U.S. at 57. Several Circuits have allowed such co-conspirator statements post-Crawford. See United States v. Cianci, 378 F.3d 71, 101-2 (1st Cir. 2004); United States v. Sagat, 377 F.3d 223, 229 (2nd Cir. 2004); United States v. Mickelson, 378 F.3d 810, 819-20 (8th Cir. 2004).

Co-conspirator statements are admissible under Rule 801(d)(2)(E) if the Government demonstrates that (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. United States v. Bourjaily, 483 U.S. 171 (1987); United States v. Peralta, 941 F.2d 1003, 1007 (9th Cir. 1991), cert. denied, 503 U.S. 940 (1992). The existence of a conspiracy and defendant's involvement in the conspiracy are questions of fact that must be resolved by the Court by a preponderance of the evidence. Fed. R. Evid. 104; Bourjaily, supra, at 175. "Furtherance of a conspiracy" is to be interpreted broadly. United States v. Manfre, 368 F.3d 832, 838 (8th Cir. 2004).

The Government is not required to charge the defendant with conspiracy, United States v. Layton, 855 F.2d 1388 (1988), or charge the declarant as a co-defendant in any conspiracy in order to admit co-conspirator statements. United States v. Jones, 542 F.2d 186 (4th Cir. 1976). Further, upon joining the conspiracy, earlier statements made by co-conspirators after inception of the conspiracy become admissible against the defendant. United States v LeRoux, 738 F.2d 943, 949-950 (8th Cir. 1984). In United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948), the Supreme Court held that "the declarations and acts of various members, even though made prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of coconspirators in aid of the conspiracy." In other words, a defendant who joined the conspiracy at a later date, took the conspiracy as he found it. United States v. Hickey, 360 F.2d 127, 140 (7th Cir. 1966).

The Court may consider the content of the statements in determining whether the co-conspirator statement is admissible. Bourjaily, 483 U.S. at 180. Further, once the Court has ruled that the statement meets the evidentiary requirements for admission under 801(d)(2)(E), the Court

need not make an additional inquiry as to whether the declarant is unavailable or whether there is any independent indicia of reliability. Id. at 182-184.

1. Conspiracies Existed

In this case, the conspiracies consist of the efforts made by known and unknown persons, including Defendant, the material witness, and any paying family member(s), to smuggle the material witness into the United States and transport them to their destination within the United States. The evidence of this conspiracy stems not only from the testimony of the material witness but the fact of Defendant's arrest and the lack of documentation of the material witness.

2. Defendant and the Declarants Were Members of the Conspiracy

The Government anticipates that the testimony of the material witness at trial will demonstrate that each made the smuggling arrangements, including agreeing on a monetary amount. As such, Defendant, each of the material witness, and the individuals they came into contact with during the course of the offense were part of the conspiracy.

3. Co-conspirator Statements Were Made During the Course of, and in Furtherance of, the Conspiracy

The co-conspirator statements that the Government contends are non-hearsay involve the smuggling arrangements made on behalf of the material witness, including the financial arrangements and any statements concerning their transportation from Mexico into the United States. The Government asserts that no smuggling venture would have occurred at all if not for the anticipated payments. Thus, the financial arrangements were an integral component of the smuggling conspiracy and such statements were made in furtherance of the smuggling venture.

Moreover, even if the Court concluded that Defendant may have joined the conspiracy after the material witness or their family members made the arrangements for the alien smuggling and transportation, the statements are still admissible against Saucedo because the conspiracy already existed when the statements were made. See United States Gypsum Co., 333 U.S. at 393; LeRoux, 738 F.2d at 949-950; Hickey, 360 F.2d at 140.

As such, all statements regarding the financial arrangements and initial planning of the smuggling venture made on behalf of the material witness should be admissible against Defendant.

4. The Court May Conditionally Admit Co-Conspirator Statements

Defendant may contend that this Court may not admit any statements until the Government lays the proper foundation for the above-referenced elements. This position lacks merit. The district court may, if needed, conditionally admit co-conspirator statements subject to a motion to strike if the Government fails to establish the requisite foundation. United States v. Reed, 726 F.2d 570, 580 (9th Cir. 1984); United States v. Loya, 807 F.2d 1483, 1490(9 th Cir. 1987).

**B. THE COURT SHOULD PRECLUDE EXPERT TESTIMONY BY THE DEFENSE**

Moreover, the Defendant has provided neither proper notice of any expert witness, nor any reports by expert witnesses regarding any anticipated expert testimony. Accordingly, Defendant should not be permitted to introduce any expert testimony. However, should the defendant properly provide notice of expert testimony in a timely fashion, the Defendant must permit the United States to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.

**C. THE COURT SHOULD EXCLUDE ALL WITNESSES EXCEPT CASE AGENT**

Under Federal Rule of Evidence 615(3), “a person whose presence is shown by a party to be essential to the presentation of the party’s cause” should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be essential to presentation of the trial. As such, the case agent’s presence at trial is necessary to the United States.

The United States requests that Defendant’s testifying witnesses be excluded during trial pursuant to Rule 615.

**D. THE COURT SHOULD PROHIBIT REFERENCE TO DEFENDANT'S HEALTH, AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

Evidence of, and thus argument referring to, Defendant's health, age, finances, education and potential punishment is inadmissible and improper.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 403 provides further that even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." § 3.1 (2000 Edition).

Moreover, it is inappropriate for a jury to be informed of the consequences of their verdict. United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991), cert. denied, 506 U.S. 932 (1992). Any mention of penalty or felony status is irrelevant as it sheds no light on the Defendant's guilt or innocence. Therefore, the United States respectfully requests this Court to preclude any mention of possible punishment at any point in this trial.

Reference to Defendant's health, age, finances, education and potential punishment may be relevant at sentencing. However, in an alien smuggling trial, such reference is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well.

**E. SELF-SERVING HEARSAY IS INADMISSIBLE**

Defendant's out of court statements are inadmissible hearsay when offered by a defendant through witnesses. Defendant cannot rely on Fed. R. Evid. 801(d)(2) because the Defendant is not the proponent of the evidence, and the evidence is not being offered against him. Defendant cannot attempt to have "self-serving hearsay" brought before the jury without the benefit of cross-examination. See, e.g., United States v. Ortega, 203 F.3d 675, 679 (9th Cir. 2000); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988).

In this case, the United States anticipates that Defendant may attempt to have the United States' witnesses testify about certain statements defendant made to inspectors. Thus, the United States moves, in limine, to prohibit Defendant from eliciting self-serving hearsay from: (a) the United States' witnesses or (b) defense witnesses.

**F. THE COURT SHOULD LIMIT CHARACTER EVIDENCE**

The United States anticipates that Defendant may improperly attempt to introduce testimony regarding Defendant's specific acts of prior good conduct. Testimony as to multiple instances of good conduct violates Federal Rule of Evidence 405(a). United States v. Barry, 841 F.2d 1400, 1403 (9th Cir. 1987); Government of Virgin Islands v. Grant, 775 F.2d 508, 512 (3d Cir. 1985).

Federal Rule of Evidence 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on a particular occasion except "evidence of a pertinent trait of character offered by an accused or by the prosecution to rebut the same."

A character witness can not offer specific instances of conduct by the defendant which would tend to support the reputation of the defendant. United States v. Giese, 597 F.2d 1170 (9th Cir. 1979) cert. denied, 444 U.S. 972 (1979) (character witnesses must restrict their direct testimony to appraisals of defendant's reputation); United States v. Hedgecorth, 873 F.2d 1307 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible").

In interpreting the permissible scope of character evidence under Rule 404(a), the Ninth Circuit has ruled that presentation of witnesses to testify about a defendant's character for "law abidingness" and honesty is permissible. The appellate court, however, has held that asking a defense witness about the defendant's propensity to engage in a specific type of criminal activity is not allowed under Rule 404(a). See United States v. Diaz, 961 F.2d 1417 (9th Cir. 1992) (holding that it is impermissible to ask a character witness about the defendant's propensity to engage in large scale drug dealing).

Thus, the United States hereby moves in limine to prohibit Defendant from introducing testimony from any character witness about (a) a specific instance of Defendant's conduct, and (b) Defendant's propensity to be involved in alien smuggling.

**G. THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS AND NECESSITY**

A pretrial motion is an appropriate means of testing the sufficiency of a proffered defense and precluding evidence thereof if the defense is found to be insufficient. Fed. R. Crim. P. 12(b) ("Any defense, objection, or request which is capable of determination without the trial of the general issue

may be raised before trial by motion."); United States v. Peltier, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam); United States v. Shapiro, 669 F.2d 593, 596-97 (9th Cir. 1982); see also Fed. R. Crim. P. 12(e).

Generally, motions are capable of pretrial determination if they raise issues of law, rather than issues of fact. United States v. Jones, 542 F.2d 661, 664 (6th Cir. 1976). Courts have specifically approved the pretrial exclusion of evidence relating to a legally insufficient duress defense on numerous occasions. See United States v. Bailey, 444 U.S. 394 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996), cert. denied, 118 S. Ct. 86 (1997) (addressing duress). Similarly, a district court may preclude a necessity defense where"the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

In order to rely on a defense of duress, defendant must establish a prima facie case that:

(1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2) Defendant had a well-grounded fear that the threat would be carried out; and

(3) There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d at 997. If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. at 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1) that he was faced with a choice of evils and chose the lesser evil;

(2) that he acted to prevent imminent harm;

(3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4) that there was no other legal alternatives to violating the law.

See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195.

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of “duress” or “coercion” or “necessity” unless Defendant makes a prima facie showing satisfying each and every element of the defense. The United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and invitation for jury nullification that would result from such comments.

**H. <u>MOTION TO ADMIT DEMEANOR EVIDENCE</u>**

The pre-primary and primary agents in this case made observations in their interactions with Defendant. This evidence should be admitted because it is relevant and not overly prejudicial.

1. Demeanor Evidence is Admissible to Circumstantially Show Knowledge

Evidence regarding Defendant’s demeanor and physical appearance is admissible as circumstantial evidence helpful to the jury’s determination of whether the defendant knew contraband was concealed in his vehicle. <u>See</u> Fed. R. Evid. 701; <u>United States v. Romero-Avila</u>, 210 F.3d 1017, 1023 (9th Cir. 2000) (identifying defendant’s nervousness at the border as part of the “strong independent evidence of defendant’s guilt”); <u>United States v. Hursh</u>, 217 F3d. 761, 767-68 (9th Cir. 2000) (nervousness during border questioning at primary inspection and later nervousness while car was being inspected at secondary was additional evidence of knowledge); <u>United States v. Klimavicius-Viloria</u>, 144 F. 3d 1249, 1263-1265 (9th Cir. 1998) (the crew’s demeanor, such as becoming less cooperative when the Coast Guard decided to search a tank where bales of cocaine were later found, was relevant to show knowing participation); <u>United States v. Lui</u>, 941 F.2d 844, 848, 848 n.2 (9th Cir. 1991) (defendant’s actions both before and after discovery of drugs, such as acting disinterested and not helping in the search, and, when the inspector found the drugs, stepping away without attempting to see to what the inspector was referring, supported a finding that the defendant was guilty); <u>United States v. Barbosa</u>, 906 F.2d 1366, 1368 (9th Cir. 1990) (defendant’s apparent nervousness and anxiety during inspection was valid circumstantial evidence of knowledge of concealed narcotics).

Thus, courts of this Circuit have clearly held that signs of nervousness constitute appropriate circumstantial evidence that a defendant knows there is contraband in his vehicle or possessions.

The Ninth Circuit has recognized that evidence of nervousness can suggest fear of getting caught with contraband the person knows he is carrying. See United States v. Fuentes-Caraiga, 209 F.3d 1140, 1142 (9th Cir. 2000).

Because nervousness can be circumstantial evidence of knowledge, as Ninth Circuit has repeatedly held, testimony and opinion regarding the defendant's nervousness is properly admitted as evidence. See Fed. R. Evid. 401 (defining evidence as evidence "having any tendency to make the existence of any fact . . . more probable or less probable . . . .").

2. Nervousness Testimony Does Not Violate Rules 701 and 704(b)

A lay witness may state his opinion that a person appeared nervous. See United States v. Mastberg, 503 F.2d 465, 470 (9th Cir. 1974). Rule 701 allows a lay witness to testify to opinions or inferences (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and © not based on specialized knowledge. Here, the agents will testify as to their observations of Defendant that led them to conclude that he was nervous. Because the agents as lay witnesses may state their opinions that Defendant appeared nervous, and because their opinions are based on their observations and interactions with Defendant, this testimony is proper.

**I. UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**

On July 25, 2008, the Court granted Government's motion for reciprocal discovery. As of the date of the preparation of these motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of all witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States will object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

## IV

## CONCLUSION

For the above stated reasons, the United States respectfully requests that its motions in limine be granted.

DATED: August 29, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Caroline P. Han
CAROLINE P. HAN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Criminal Case No. No. 08CR1723-JLS |
| v. | ) | **CERTIFICATE OF SERVICE** |
| BARRIE DEMPSEY, Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS __IN__ __LIMINE__**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Gregory Murphy**
*Attorney for defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:
None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2008

/s/ *Caroline P. Han*
CAROLINE P. HAN