**GREGORY MURPHY**
California State Bar No. 245505
**JENNIFER L. COON**
California State Bar No. 203913
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org
jennifer_coon@fd.org

Attorneys for Mr. Dempsey

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRIE DEMPSEY,<br><br>Defendant. | CASE NO. 08cr1723-JLS<br><br>DATE: September 12, 2008<br>TIME: 2:00 p.m.<br><br>DEFENDANT'S NOTICE OF MOTIONS IN LIMINE AND MOTIONS *IN LIMINE* TO:<br>(1) PRECLUDE RULE 404(b) AND 609 EVIDENCE; AND<br>(2) EXCLUDE ALLEGED CO-CONSPIRATOR STATEMENTS. |

TO: KAREN HEWITT, UNITED STATES ATTORNEY; AND
CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on September 12, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Barrie Dempsey, by and through counsel, Gregory Murphy, Jennifer L. Coon, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//

//

//

//

//

//

**MOTIONS**

The defendant, Barrie Dempsey, by and through counsel, Gregory Murphy, Jennifer L. Coon, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

1) Preclude Rule 404(b) and 609 Evidence; and

2) Exclude Alleged Co-Conspirator Statements.

These motions are based upon the instant motions and notices of motion, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATED: September 8, 2008

/s/ *Jennifer L. Coon*
**JENNIFER L. COON**
**GREGORY MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Dempsey

**GREGORY MURPHY**
California State Bar No. 245505
**JENNIFER L. COON**
California State Bar No. 203913
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org
jennifer_coon@fd.org

Attorneys for Mr. Dempsey

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRIE DEMPSEY,<br><br>Defendant. | CASE NO. 08cr1723-JLS<br><br>DATE: September 12, 2008<br>TIME: 2:00 p.m.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE*** |

I.

**STATEMENT OF FACTS**

Mr. Dempsey hereby incorporates by reference his previously filed statement of facts. These motions follow.

**II.**

**THIS COURT SHOULD PRECLUDE ANY EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B) AND 609**

The Court should preclude the Government from introducing any Rule 404(b) or Rule 609 evidence. The Court should preclude 404(b) evidence because the Government has failed to provide any notice, and the Government has not established that such evidence is relevant. All Rule 609 evidence should be precluded because it is irrelevant, and any probative value is substantially outweighed by its prejudicial effect.

**A. <u>This Court Should Exclude All 404(b) Evidence</u>.**

This Court should exclude all 404(b) evidence because the government has failed to comply with its obligation to provide timely notice. Rule 404(b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. FED. R. EVID. 404(b). The notice requirement is triggered when timely requested by the defendant. *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Dempsey requested notice in his June 11, 2008 motion for discovery. To date, government counsel has not indicated that she intends to offer such evidence; therefore, the government should be precluded from introducing such evidence at trial.

Moreover, the government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case; therefore, "it must articulate precisely *the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (citing *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added); *accord United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993). Because the government has not presented an evidential hypothesis, this evidence must be excluded under Federal Rules of Evidence 401, 404(b) and 403.

**B. <u>This Court Should Exclude All 609 Evidence</u>.**

Under Rule 609, evidence of prior convictions is usually admissible only under certain circumstances, and in the discretion of the Court. Federal Rule of Evidence 609(a)(1) restricts impeachment of the accused by evidence of a prior conviction to only those offenses for which the Court determines that the probative value outweighs its prejudicial effect to the accused. The government should be precluded from introducing any evidence of prior convictions because it is irrelevant under Federal Rule of Evidence 401 and prejudicial under Federal Rule of Evidence 403. Even if Mr. Dempsey were to testify at trial, the danger of unfair prejudice would substantially outweigh any possible relevance of his prior offense. Fed. R. Evid. 401, 403 & 609.

To the extent that this Court rules that any of Mr. Dempsey's alleged prior convictions are admissible under Federal Rule of Evidence 609, this Court should redact any documents referencing, and preclude the prosecutor from referring to, the offense and specific facts of any crime for which Mr. Dempsey was

convicted. Such information would be more prejudicial than probative of Mr. Dempsey's guilt of the charged offense.

**III.**

**THIS COURT SHOULD EXCLUDE ALLEGED CO-CONSPIRATOR STATEMENTS**

The government seeks to introduce, through the testimony of the material witness, alleged co-conspirator statements. Specifically, the government seeks to admit certain unspecified alleged statements by defendant's unidentified "accomplices" in the "smuggling venture." Gov't Mots. in Lim. at 3. Evidence regarding such statements is irrelevant under Federal Rule of Evidence 401, more prejudicial than probative and confusing and misleading to the jury under Federal Rule of Evidence 403, inadmissible hearsay under Federal Rule of Evidence 801 and 802, and violative of Mr. Dempsey's constitutional rights to confrontation, due process, and a fair trial under the Fifth and Sixth Amendments. U.S. Const. Amends. V, VI; Crawford v. Washington, 541 U.S. 36 (2004) (holding that admission of testimonial statements of a witness who does not appear at trial and who the defendant did not have a prior opportunity to cross-examine violates the confrontation clause of the Sixth Amendment).

Here, the government maintains that Mr. Dempsey was part of a conspiracy, but fails to identify the time period of the conspiracy, any of the other alleged co-conspirators, or any of the alleged co-conspirator statements. Accordingly, it is impossible to determine based on the government's vague proffer whether the proffered evidence is admissible. To the extent that the Court is nevertheless considering admission of alleged co-conspirator statements, the defense requests a hearing to determine admissibility under Fed. R. Evid. 801(d)(2)(E), *United States v. Bourjaily*, 483 U.S. 171 (1987), and *Crawford*, outside the presence of the jury, prior to or at the outset of trial.

**IV.**

**CONCLUSION**

For the reasons stated above, Mr. Dempsey moves this Court to grant his motions.

Respectfully submitted,

/s/ Jennifer L. Coon

Dated: September 8, 2008

**JENNIFER L. COON/GREGORY MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Dempsey

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Chambers

Copy Assistant U.S. Attorney via ECF Notice of Electronic Filing

Copy Defendant

Dated: September 8, 2008

/s/ JENNIFER L. COON
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
jennifer_coon@fd.org (email)