**GREGORY MURPHY**
California State Bar No. 245505
**JENNIFER L. COON**
California State Bar No. 203913
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org
jennifer_coon@fd.org

Attorneys for Mr. Dempsey

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08cr1723-JLS |
| Plaintiff, | ) | DATE: September 12, 2008<br>TIME: 2:00 p.m. |
| v. | ) | |
| BARRIE DEMPSEY, | ) | DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AUTHORIZATION TO CONDUCT FOREIGN DEPOSITIONS |
| Defendant. | ) | |

TO: KAREN HEWITT, UNITED STATES ATTORNEY; AND
CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on September 12, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Barrie Dempsey, by and through counsel, Gregory Murphy, Jennifer L. Coon, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motion.

**MOTIONS**

The defendant, Barrie Dempsey, by and through counsel, Gregory Murphy, Jennifer L. Coon, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, the attached ex-parte declaration of counsel filed under seal, and all other applicable statutes, case law and local rules, hereby moves this Court for an order for:

//

**GREGORY MURPHY**
California State Bar No. 245505
**JENNIFER L. COON**
California State Bar No. 203913
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org
jennifer_coon@fd.org

Attorneys for Mr. Dempsey

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRIE DEMPSEY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 08cr1723-JLS<br><br>DATE: September 12, 2008<br>TIME: 2:00 p.m.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION** |

I.

**STATEMENT OF FACTS**

Mr. Barrie Dempsey is charged with bringing in an illegal alien for financial gain and bringing in an illegal alien without presentation in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (iii). Mr. Dempsey is a citizen of Great Britain.

Mr. Dempsey's mother, Irene Dempsey, is also a British citizen residing in the vicinity of London, Great Britain. Mrs. Dempsey is 78 years old and suffers from serious health problems. Nevertheless, until recently, she was planning to fly to San Diego for the trial in this matter in order to testify on her son's behalf. However, her health problems have recently worsened, preventing her from being able to travel. She resides in Great Britain, beyond this Court's subpoena power, and will not agree to travel to the United

//

//

States because of her health condition. Mrs. Dempsey would provide testimony that is material to Mr. Dempsey's defense.[1] She is willing and available to testify by videotaped deposition.

**II.**

**<u>ARGUMENT</u>**

**A. This Court Should Grant Authorization to Conduct Foreign Depositions**

Pursuant to Federal Rule of Criminal Procedure 15(a), "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interests of justice." In determining such a motion, the district court should consider unavailability, good faith effort to obtain the witness's presence at trial, whether the expected testimony would be favorable, and whether the deponent would be available for deposition and willing to testify. *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995).

In *United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998), the court noted that "[o]rdinarily, exceptional circumstances exist when the prospective witness is unavailable for trial and the absence of the testimony would result in an injustice. This court has held that it is unjust to deprive a defendant of what may be crucial exculpatory evidence." *Id.*; *see also United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) (same). "The principal consideration guiding whether the absence of a particular witness's testimony would produce an injustice is the materiality of that testimony to the case." *Id.* at 1552.

Importantly, Rule 15 "does not require any conclusive showing of 'unavailability' before a deposition can be taken in a criminal case." *United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985). "It would be unreasonable and undesirable to require [a party] to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition." *Id.* "When a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires the moving party to preserve that testimony -- by deposing the witness -- absent significant countervailing circumstances which would render the taking of the deposition unjust." *Drogoul*,

---

[1] Mr. Dempsey is more than happy to provide an *ex parte* under seal proffer as to the details of the testimony that Mrs. Dempsey would provide. However, in order to preserve his right to not to reveal defense strategy, confidential work product, and his right not to inform the government of potential defense witness testimony, he will not detail such testimony here.

1 F.3d at 1552; *see also id.* at 1552 (stating that ordering of deposition is appropriate "whenever a substantial likelihood exists that the proposed deponent will not testify at trial"). According, in *Drogoul* the court found foreign depositions appropriate for foreign nationals -- even those who indicated they would be willing to come to the United States and testify at trial -- because they were beyond the subpoena power of the district court. *Id*. at 1553-57; *see also United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998) (holding depositions appropriate for "Canadian witnesses [who] were unavailable for trial because they were beyond the subpoena power of the United States and refused to voluntarily attend"). Similarly, the Court in *Sanchez-Lima* held that depositions should have been ordered because defense witnesses in Mexico were beyond the subpoena power of the district court. 161 F.3d at 547-48.

Here, the testimony of Mrs. Dempsey is critical to Mr. Dempsey's defense. Mrs. Dempsey is unavailable to testify at trial because her serious health problems prevent her from traveling here. Likewise, she is beyond this Court's subpoena power due to her residence in Great Britain. Defense counsel has acted in good faith in attempting to obtain Mrs. Dempsey's presence at trial, but a recent downturn in her condition prevents her from attending. However, she is available for deposition and willing to testify. Accordingly, granting authorization to conduct her foreign videotaped deposition is necessary under Rule 15 and in order to preserve Mr. Dempsey's rights to due process and to present a defense.

**B. The Government Should Be Ordered to Produce Mr. Dempsey at Deposition and Pay the Reasonable Expenses of the Foreign Deposition**

Pursuant to Rule 15(c), "[t]he officer who has custody of the defendant must produce the defendant at the deposition and keep the defendant in the witness's presence during the examination" unless the defendant waives his right to presence or persists in disruptive conduct justifying exclusion.

Moreover, pursuant to Rule 15(d), "if the defendant is unable to bear the deposition expenses, the court **must** []order the government to pay: (1) any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition; and (2) the costs of the deposition transcript." Fed. R. Crim. P. 15(d) (emphasis added); *see also United States v. Acevedo-Ramos*, 605 F. Supp. 190, 192-93 (D. Puerto Rico 1985) (requiring government to produce defendant at deposition and to bear subsistence and travel expenses of one of his attorneys).

//

Here, Mr. Dempsey is indigent and represented by appointed counsel. Accordingly, the Court should order the government to produce Mr. Dempsey at the foreign deposition, and to pay the reasonable travel and subsistence expenses for Mr. Dempsey and one of his attorneys to attend the foreign deposition, as well as the costs of the deposition videotape and transcript.

**III.**

**CONCLUSION**

For the reasons stated above, Mr. Dempsey moves this Court to grant his motions.

Respectfully submitted,

Dated: September 8, 2008

/s/ *JENNIFER L. COON*

**JENNIFER L. COON**
**GREGORY MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Dempsey

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Chambers

Copy Assistant U.S. Attorney via ECF Notice of Electronic Filing

Copy Defendant

Dated: September 8, 2008

/s/ JENNIFER L. COON

Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
jennifer_coon@fd.org (email)